■ In the Matter of JOSEPH C., a Child Alleged to be Neglected.—Order unanimously affirmed without costs. Memorandum: There is no merit to respondents' contention that this proceeding to terminate their parental rights on the ground of permanent neglect *(see,* Social Services Law § 384-b [4] [d]) was untimely. The child came into the care of petitioner on July 1, 1988, two days after his birth, upon his discharge from the hospital, pursuant to a preliminary order of Family Court *(see,* Family Ct Act § 1022). This proceeding was commenced on or about October 13, 1989, more than one year after the child came into petitioner's care *(see, Matter of Mickey B.,* 65 AD2d 603).

We reject respondents' contention that petitioner failed to make diligent efforts to strengthen and encourage the parent-child relationship *(see,* Social Services Law § 384-b [7] [a], [f]). The record reflects that petitioner consulted with respondents in developing a plan for the eventual return of the child; scheduled regular and meaningful visits with the child and provided transportation to and from such visits; enrolled respondents in a parenting instruction class; provided homemaker services in an effort to ameliorate the housekeeping problems that impeded the child's return; and offered to provide transportation to the utility company to obtain a restoration of respondents' electric service. In our view, petitioner satisfied its statutory duty *(see,* Social Services Law § 384-b [7] [a], [f]; *see also, Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368; *Matter of Michael W.,* 149 AD2d 943, *lv denied* 74 NY2d 608).

Respondents also challenge the determination made by the court at the conclusion of the dispositional hearing. The court properly accepted the written report and recommendation of the caseworker at the dispositional hearing *(see, Matter of*

*Star Leslie W., supra,* at 148). In our view, the evidence supports the court's determination that the child's best interests required termination of respondents' parental rights and the transfer of custody and guardianship to petitioner to make the child available for adoption. (Appeal from Order of Niagara County Family Court, Halpin, J.—Permanent Neglect.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.